# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| KEVIN BOLLAERT, ERIC C. CHANSON, | ) | |
| ROY E. CHANSON, AMY L. CHANSON, | ) | |
| and BLUE MIST MEDIA, LLC D/B/A | ) | |
| YOUGOTPOSTED.COM, | ) | |
| | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES the Plaintiff JANE DOE ("Plaintiff"), a citizen and resident of Illinois, by and through her attorneys, Mudd Law Offices, and complains of the Defendants KEVIN BOLLAERT, ERIC C. CHANSON, ROY E. CHANSON, AMY L. CHANSON, and BLUE MIST MEDIA d/b/a YOUGOTPOSTED.COM (collectively "Defendants"), upon personal information as to her own activities, and upon information and belief as to the activities of others and all other matters, and states as follows:

### NATURE OF ACTION

1.     This is an action for violation of Plaintiff's right to privacy and related claims arising from Defendants' unauthorized publication of photographs of the Plaintiff on the Internet.

2.     By this action, Plaintiff seeks compensatory damages, punitive damages, attorney's fees, injunctive relief and all other relief to which Plaintiff may be entitled as a matter of law.

## PARTIES

3.      JANE DOE is a citizen of the State of Illinois and a resident of Cook County, Illinois.

4.      KEVIN BOLLAERT, upon information and belief, is a citizen and resident of the State of California.

5.      KEVIN BOLLAERT, upon information and belief, is a partner of AMY L. CHANSON, ERIC S. CHANSON, and ROY E. CHANSON, within and as an alter-ego of BLUE MIST MEDIA LLC.

6.      KEVIN BOLLAERT owns the domain ugotposted.com.

7.      KEVIN BOLLAERT, upon information and belief, operates the website at the domain ugotposted.com ("Offending Website").

8.      ERIC S. CHANSON, upon information and belief, is a citizen and resident of the State of New Jersey.

9.      ERIC S. CHANSON, upon information and belief, is a partner of KEVIN BOLLAERT, AMY L. CHANSON, and ROY E. CHANSON, within and as an alter-ego of BLUE MIST MEDIA LLC.

10.      ERIC S. CHANSON, upon information and belief, regularly worked with and communicated with KEVIN BOLLAERT in operating the Offending Website.

11.      ERIC S. CHANSON, upon information and belief, is an operator of the Offending Website.

12.      ROY E. CHANSON, upon information and belief, is a citizen and resident of the State of New Jersey.

13.     ROY E. CHANSON, upon information and belief, is the father of ERIC S. CHANSON.

14.     ROY E. CHANSON, upon information and belief, is a partner of ERIC S. CHANSON, KEVIN BOLLAERT, and AMY L. CHANSON, within and as an alter-ego of BLUE MIST MEDIA LLC.

15.     ROY E. CHANSON, upon information and belief, assisted, participated, and supervised in formatting, posting, and distributing the images appearing on the Offending Website.

16.     AMY L. CHANSON, upon information and belief, is a citizen and resident of the State of New Jersey.

17.     AMY L. CHANSON, upon information and belief, is the mother of ERIC S. CHANSON.

18.     AMY L. CHANSON, upon information and belief, is a partner of ERIC S. CHANSON, ROY E. CHANSON, and KEVIN BOLLAERT, within and as an alter-ego of BLUE MIST MEDIA LLC.

19.     AMY L. CHANSON, upon information and belief, assisted, participated, and supervised in formatting, posting, and distributing the images appearing on the Offending Website.

20.     BLUE MIST MEDIA LLC, upon information and belief, is an unincorporated business entity and a partnership between and alter-ego of KEVIN BOLLAERT, ERIC S. CHANSON, ROY E. CHANSON, and AMY L. CHANSON.

**JURISDICTION AND VENUE**

21.    This Court has jurisdiction over Plaintiff's claims based on the diversity of the parties and damages in excess of $75,000 pursuant to 28 U.S.C. § 1332.

22.    Plaintiff is a citizen of Illinois and Defendant Kevin Bollaert is, upon information and belief, a citizen of the State of California.

23.    Defendants Eric C. Chanson, Roy E. Chanson, and Amy L. Chanson are, upon information and belief, citizens of the State of New Jersey.

24.    Blue Mist Media LLC, upon information and belief, is an unincorporated business entity and a partnership with a principle place of business in the State of New Jersey.

25.    There is an actual case or controversy between Plaintiff and Defendants ("Parties").

26.    Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.  Furthermore, the Defendants directed their conduct toward the Plaintiff in this district.

27.    The Defendants have violated the Plaintiff's privacy and have engaged in other wrongful conduct.

28.    The Plaintiff has been injured by Defendants' conduct and has suffered damages resulting therefrom.

**FACTUAL BACKGROUND**

29.    This action involves the Defendants' violation of the Plaintiff's privacy and efforts to discredit, disparage, and damage the Plaintiff's reputation.

30.    On February 8, 2013, the Plaintiff received a text message from an unknown phone number ("February 8 Text").

31.     The February 8 Text implied that nude photos of the Plaintiff existed online on the Offending Website at the domain www.ugotposted.com.

32.     Defendants own and operate the Offending Website.

33.     The Plaintiff then used the search engine Google to search her name.

34.     Google returned web and image search results bearing the Plaintiff's name and image.

35.     The Plaintiff then clicked on the links for the search results bearing her name and image, visited the Offending Website, and discovered fourteen private photographs bearing the YouGotPosted watermark in which she appeared nude ("Private Photographs").

36.     The Plaintiff also discovered two photographs bearing the YouGotPosted watermark in which she appeared fully clothed ("Clothed Photographs").

37.     The Plaintiff took the Private Photographs.

38.     The Plaintiff took the Clothed Photographs.

39.     The Plaintiff owns the copyright in the Private Photographs.

40.     The Plaintiff owns the copyright in the Clothed Photographs.

41.     The Plaintiff did not post the Private Photographs to the Offending Website.

42.     The Plaintiff did not post the Clothed Photographs to the Offending Website.

43.     The Plaintiff did not authorize anyone to post the Private Photographs to the Offending Website.

44.     The Plaintiff did not authorize anyone to post the Clothed Photographs to the Offending Website.

45.     The Plaintiff does not know who posted the Private Photographs to the Offending Website.

46. The Plaintiff does not know who posted the Clothed Photographs to the Offending Website.

47. The Offending Website publicly displayed the Private Photographs of the Plaintiff.

48. The Offending Website publicly displayed the Clothed Photographs of the Plaintiff.

49. The Offending Website publicly displayed the Private Photogaphs of the Plaintiff without her permission and/or authorization.

50. The Offending Website publicly displayed the Clothed Photographs of the Plaintiff without her permission and/or authorization.

51. The uniform resource locator ("URL") for the Offending Website on which the Private Photographs were located contained the Plaintiff's name and town in which she lived ("Offending Website URL").

52. The Offending Website also listed the Plaintiff's place of employment.

53. Prior to receiving the February 8, 2013 text message, the Plaintiff had no knowledge of the Offending Website.

54. The Plaintiff did not authorize the Defendants to display and/or publish the Private Photographs on Offending Website.

55. The Plaintiff did not authorize the Defendants to display and/or publish the Clothed Photographs on Offending Website.

56. The Plaintiff did not authorize the Defendants to use her name in the Offending Website URL.

57. On February 8, 2013 at 5:03 p.m., Plaintiff Jane Doe sent an e-mail to the e-mail

address provided on the Offending Website ("February 8 E-mail").

58.     In the February 8 E-mail, Plaintiff asserted her copyright ownership in the Private Photographs.

59.     In the February 8 E-mail, Plaintiff requested immediate removal of the Private Photographs.

60.     The Feburary 8 E-mail also contained a notice to remove the Private Photographs and Clothed Photographs from the Offending Website pursuant to the Digital Millenium Copyright Act ("DMCA") ("DMCA Takedown Notice").

61.     Defendants did not respond to the February 8 E-mail.

62.     On February 9, 2013 at 9:37 a.m., Plaintiff Jane Doe sent a second e-mail to the e-mail address provided on the Offending Website ("February 9 E-mail").

63.     The February 9 E-mail requested the removal of all sixteen photographs from Offending Website.

64.     Defendants did not respond to the February 9 E-mail.

65.     On February 11, 2013 at 5:04 p.m., Plaintiff Jane Doe sent a third e-mail to the e-mail address provided on the Offending Website ("February 11 E-mail").

66.     The February 11 E-mail again requested the removal of all sixteen photographs.

67.     Defendants failed to respond to the Februrary 11 E-mail.

68.     Defendants failed to respond to any of the Plaintiff's e-mails requesting removal of the Private Photographs from the Offending Website.

69.     On February 25, 2013, counsel for Jane Doe requested that Defendants remove the Private Photographs from the Website.  This correspondence also included a DMCA Takedown Notice ("Februrary 25 Correspondence").

70.     Defendants did not to respond to the Febraury 25 Correspondence.

71.     Defendants did not to remove any of the Private Photographs from the Website.

72.     Defendants did not to remove any of the Clothed Photographs from the Website.

**The Harm**

73.     Plaintiff has suffered, and continues to suffer, harm arising from the foregoing conduct by the Defendants (collectively, "the Wrongful Conduct").

74.     The unauthorized publication of Private Photographs of the Plaintiff on the Offending Website has affected Plaintiff's private life and the manner in which she is viewed among family, friends, and colleagues.

75.     Defendants' Wrongful Conduct has caused Plaintiff to suffer and continue to suffer from humiliation, embarassment, and emotional distress.

76.     Defendants' Wrongful Conduct has traumatized Plaintiff.

## CLAIMS FOR RELIEF

### COUNT ONE

### AS AND FOR A FIRST CAUSE OF ACTION

### DEFAMATION *PER SE*

77.     The allegations in Paragraphs 1 through 76 above are incorporated by reference in this Count One as if fully restated herein.

78.     Defendants' publication of Plaintiff's Private Photographs is a false and defamatory statement of fact ("False and Defamatory Statement").

79.     The False and Defamatory Statement falsely implies that Plaintiff would post nude photographs on the Internet.

80.     Plaintiff did not and would not post nude photographs on the Internet.

81.     The False and Defamatory Statement falsely implies that the Plaintiff would engage in gratuitous fornication.

82.     Defendants caused the False and Defamatory Statement to be made on and through the Internet.

83.     The Offending Website URL, where the False and Defamatory Statement is published, identifies Plaintiff by name.

84.     The Offending Website identifies the town where Plaintiff lives.

85.     The Offending Website identifies Plaintiff's place of employment.

86.     Persons other than Plaintiff and Defendants would have and actually have reasonably understood that the False and Defamatory Statements related to and were about the Plaintiff.

87.     Defendants presented the False and Defamatory Statements as fact.

88.     The False and Defamatory Statements constituted unprivileged publication of the defamatory statements by Defendants to third parties.

89.     Defendants made the False and Defamatory Statements with actual malice knowing the falsity of the statements.

90.     Defendants continued to publish the photographs and False and Defmanatory statements despite requests from the Plaintiff and her counsel to remove such content.

91.     If Defendants did not act with actual malice, they acted with reckless disregard for the falsity of the False and Defamatory Statements to the detriment of Plaintiff.

92.     As a result of the Defendants' conduct and the publication of the False and Defamatory Statements, the Plaintiff has suffered and continues to suffer damages including, but not limited to, suffering, harmed reputation, embarassment, invasion of her privacy, mental anguish, trauma, and emotional distress.

93.     WHEREFORE Plaintiff Jane Doe seeks recovery of compensatory and punitive damages arising from Defendants' *per se* defamation of her.

## COUNT TWO

## AS AND FOR A SECOND CAUSE OF ACTION

## PUBLIC DISCLOSURE OF PRIVATE FACTS

94.     Plaintiff Jane Doe hereby incorporates by reference Paragraphs 1 through 92 above in this Second Count as though fully set forth herein.

95.     By publishing the Plaintiff's Private Photographs, Defendants disclosed private facts about Plaintiff without her authorization.

96.     Upon information and belief, Defendants facilitated the disclosure of the Private Photographs (and the private facts contained therein) to the Offending Website and the Internet.

97.     These private facts concerned the private, intimate life of Plaintiff, and her private, intimate activities.

98.     The public disclosure of these private facts represents an intrusion upon the privacy of Plaintiff that is objectionable and highly offensive to a reasonable person.

99.     The Private Photographs and the private facts contained therein were not of any legitimate public concern.

100.    Plaintiff's Private Photographs were not of legitimate public concern.

101.    The public disclosure of Plaintiff's private facts has caused and continues to cause Plaintiff to suffer harm, including, but not limited to, suffering, harmed reputation, embarrassment, invasion of her privacy, mental anguish, trauma, and emotional distress.

102.    WHEREFORE,  Plaintiff Jane Doe seeks recovery of general compensatory damages and punitive damages arising from Defendants' public disclosure of Plaintiff's private facts.

## COUNT THREE

## AS AND FOR A THIRD CAUSE OF ACTION

## FALSE LIGHT AGAINST DEFENDANTS

103.    Plaintiff Jane Doe hereby incorporates by reference Paragraphs 1 through 92 and 94 through 101 above in this Third Count as though fully set forth herein.

104.    Defendants published the False and Defamatory Statements on the Internet.

105.    The Offending Website URL identifies Plaintiff Jane Doe by name.

106.    The False and Defamatory Statements cast Plaintiff Jane Doe in a false light by falsely portraying her as someone who would post nude photographs on the Internet.

107.    The False and Defamatory Statements cast Plaintiff Jane Doe in a false light by

falsely portraying her as someone who would engage in gratuitous fornication.

108. Defendants made the False and Defamatory Statements with actual malice, knowing the falsity of the statements.

109. Defendants continued to publish the photographs and False and Defmanatory statements despite request from the Plaintiff and her counsel to remove such content.

110. As a result of Defendants' conduct and publication of the Private Photographs, castin her in a false light, Plaintiff Jane Doe has suffered and continues to suffer damages including, but not limited to, suffering, harmed reputation, embarassment, invasion of her privacy, mental anguish, trauma, and emotional distress.

111. WHEREFORE, Plaintiff Jane Doe seeks recovery of compensatory and punitive damages arising from Defendants' portrayal of her in a false light.

## COUNT FOUR

### AS AND FOR A FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

112. The Plaintiff hereby incorporates by reference Paragraphs 1 through 92, 94 through 101, and 103 through 110 above in this Fourth Count as though fully set forth herein.

113. Defendants published the Private Photographs.

114. Defendants intentionally published the Private Photographs.

115. Defendants published the Private Photographs without the Plaintiff's authorization.

116. Defendants displayed the Private Photographs in such a manner that they would be disseminated throughout the Plaintiff's local community and the world.

117.    Defendants intended to harass, annoy, humiliate and alarm the Plaintiff by publishing the Private Photographs and False and Defamatory Statement.

118.    Defendants intended to cause the Plaintiff emotional distress by publishing and refusing to remove the Private Photographs and the False and Defamatory Statement.

119.    Defendants intentionally caused the Plaintiff to suffer severe emotional distress.

120.    If Defendants did not act intentionally, the Defendants acted recklessly by disregarding the high probability that publishing the Private Photographs would cause the Plaintiff to suffer severe emotional distress.

121.    The Plaintiff has suffered severe emotional distress as a direct result of the publication of the Private Photographs.

122.    Defendants' Wrongful Conduct was extreme and outrageous.

123.    Defendants' Wrongful Conduct was so outrageous that it cannot be tolerated by civilized society.

124.    Defendants' Wrongful Conduct rises to a level of behavior beyond all possible bounds of decency.

125.    Defendants' Wrongful Conduct proximately caused the Plaintiff to suffer severe emotional distress.

126.    WHEREFORE,  the Plaintiff seeks recovery of compensatory damages, punitive damages, and costs arising from the Defendants' intentional infliction of emotional distress upon her.

## COUNT FIVE

## AS AND FOR A FIFTH CAUSE OF ACTION

## VIOLATION OF RIGHT OF PUBLICITY ACT (765 ILCS 1065/1, et seq.)

127.    The allegations in Paragraphs 1 through 92,  94 through 101, 103 through 110, and 112 through 125 above are incorporated by reference in this Fifth Count as though fully restated herein.

128.    Defendants used photographs of the Plaintiff on the Offending Website that contained her likeness.

129.    Defendants's used photographs of the Plaintiff to attract people to the Offending Website.

130.    Defendant's Offending Website advertised Defendant's business.

131.    Upon information and belief, Defendants used the Offending Website to communicate with the business' customers.

132.    Defendants used the photographs in a commercial context and purpose.

133.    Defendants did not obtain prior written consent for the use of the Private Photographs or the Clothed Photographs from the Plaintiff.

134.    Defendants acted willfully in their conduct.

135.    Defendants' conduct violates the Illinois Right to Publicity Act, 765 ILCS 1065/1, et seq.

136.    The Plaintiff seeks statutory damages pursuant to 765 ILCS 1075/40(a)(2).

137.    The Plaintiff seeks punitive damages pursuant to 765 ILCS 1075/40(b).

138.    The Plaintiff seeks reimbursement of her attorney's fees and costs pursuant to 765 ILCS 1075/55.

139.    The Plaintiff seeks injunctive relief pursuant to 765 ILCS 1075/50.

140.    WHEREFORE, the Plaintiff seeks recovery of statutory damages, punitive

damages, attorney's fees and costs, and injunctive relief resulting from the Defendants' violation

of the Illinois Right of Publicity Act.

## COUNT SIX

## AS AND FOR A FIFTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

141.    Plaintiff Jane Doe hereby incorporates by reference Paragraphs 1 through 92,  94

through 101, 103 through 110, 112 through 125, and 127 through 139 above in this Sixth Count

as though fully set forth herein.

142.    The Plaintiff possesses a clearly ascertainable right or protectable interest that will

suffer irreparable damage in the absence of injunctive relief.

143.    Plaintiff has the right to and interest in protecting her reputation.

144.    Plaintiff has the right and interest in keeping her private facts and personal images

private.

145.    Plaintiff has the right and interest to be free from malicious behavior from

Defendants.

146.    Absent injunctive relief, the Plaintiff will continue to be harmed unjustifiably.

147.    Absent injunctive relief, the Defendants may continue to post the Private

Photographs to the Internet without Plaintiff's authorization.

148.    Mere compensation at law can only possibly provide Plaintiff with compensation

for her injuries up to the present and cannot compensate for the continued danger in which

Defendants' actions may place Plaintiff's reputation and her safety into the future.

149.    It remains difficult if not impossible to calculate the damages arising from Defendants' publication of the False and Defamatory Statements.

150.    It becomes almost impossible to calculate the damages arising from the harm to the Plaintiff's reputation.

151.    Plaintiff therefore has an inadequate remedy at law.

152.    The public interest will not be harmed if an injunction is granted.

153.    WHEREFORE, Plaintiff Jane Doe seeks a preliminary and permanent injunction enjoining and/or compelling Defendants to do the following:

A.      Compelling the Defendants to secure the immediate removal of and/or to immediately disable access, content, and viewing capabilities to any site on the Internet containing the Private Photographs and Clothed Photographs;

B.      Compelling the Defendants to make all reasonable efforts to remove all cached information on any additional search engines and cooperate with third party efforts to do so;

C.      Compelling the Defendants to destroy all electronic copies of the Private Photographs and Clothed Photographs; and

D.      Enjoining Defendants from engaging in any further conduct enabling the Private Photographs and Clothed Photographs to be displayed, distributed, or accessed over the Internet; and

E.      Compelling Defendants to engage in any such further conduct necessary to effectuate the foregoing relief.

**GENERAL**

154.    Where conditions precedent are alleged, Plaintiff Jane Doe avers that all

conditions precedent have been performed or have occurred.

155.    Plaintiff Jane Doe demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JANE DOE accordingly and respectfully prays for judgment against DEFENDANTS KEVIN BOLLAERT, ERIC C. CHANSON, ROY E. CHANSON, AMY L. CHANSON, and BLUE MIST MEDIA, LLC d/b/a YOUGOTPOSTED.COM as follows:

1.      That PLAINTIFF JANE DOE be awarded compensatory damages in an amount to be determined at trial;

2.      That PLAINTIFF JANE DOE be awarded punitive damages in an amount to be determined at trial;

3.      That PLAINTIFF JANE DOE be awarded attorney's fees and costs;

4.      That PLAINTIFF JANE DOE be awarded the injunctive relief sought; and,

5.      That PLAINTIFF JANE DOE be awarded any such other and further relief as this Court may deem just and proper or to which she may be entitled as a matter of law or equity.

Dated: Chicago, Illinois                    PLAINTIFF,
      July 26, 2013                          JANE DOE


                                         <u>s/Charles Lee Mudd Jr.</u>
                                         By: Her Attorneys
                                         Charles Lee Mudd Jr.
                                         Mudd Law Offices
                                         3114 West Irving Park Road
                                         Suite 1W
                                         Chicago, Illinois 60618
                                         (773) 588-5410 Phone
                                         Illinois ARDC: 6257957
                                         cmudd@muddlawoffices.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| KEVIN BOLLAERT, ERIC C. CHANSON, | ) | |
| ROY E. CHANSON AMY L. CHANSON, | ) | |
| and BLUE MIST MEDIA, LLC D/B/A | ) | |
| YOUGOTPOSTED.COM | ) | |
| | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

## JURY DEMAND

Plaintiff JANE DOE demands trial by jury.

s/Charles Lee Mudd Jr.
Charles Lee Mudd Jr.