## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:13-cv-05339 |
| v. ) | |
| ) | |
| KEVIN BOLLAERT, ERIC C. CHANSON, ) | Honorable Edmond E. Chang |
| ROY E. CHANSON, AMY L. CHANSON, ) | |
| and BLUE MIST MEDIA, LLC D/B/A ) | Magistrate Judge Maria Valdez |
| YOUGOTPOSTED.COM, ) | |
| ) | |
| Defendants. ) | |

## REVISED JOINT INITIAL STATUS REPORT

Pursuant to this Court's order dated September 25, 2013 (Dkt. No. 15), counsel for the Plaintiff hereby submits this Revised Joint Initial Status Report on behalf of the Parties that have thus far appeared.

**1. The Nature of the Case**

    **a. Identify the attorneys of record for each party, including the lead trial attorney.**

Charles Lee Mudd, Jr., Liz Brodzinski, and Stephanie M. Solera, Mudd Law Offices, shall act as counsel for Plaintiff Jane Doe ("Plaintiff"). Charles Lee Mudd Jr. shall be lead trial attorney for the Plaintiff.

Defendant Eric C. Chanson has filed documents *pro se*.

Defendant Roy E. Chanson has filed documents *pro se*.

Defendant Amy L. Chanson has filed documents *pro se*.

    **b. State the basis for federal jurisdiction.**

Pursuant to 28 U.S.C. § 1332, Plaintiff asserts diversity jurisdiction based on the

diversity of the Parties and damages in excess of $75,000.

**c.     Describe the nature of the claims asserted in the complaint and any counterclaim.**

The Plaintiff's claims arise from the Defendants' publishing private photographs of the Plaintiff on the website at the domain name YouGotPosted.com ("Website"). The Plaintiff has filed claims for defamation *per se*, public disclosure of private facts, false light, intentional infliction of emotional distress, violation of Right of Publicity Act (765 ILCS 1065/1), and injunctive relief. No counterclaims have been filed.

Defendants Amy Chanson and Roy Chanson assert they have no connection with the Plaintiff. The Defendants Amy and Roy Chanson assert they have no connection with the State of Illinois. The Defendants Amy and Roy Chanson assert they have no connection with the Website whatsoever.

**d.     State the major legal and factual issues in the case.**

1. Whether Defendants are subject to personal jurisdiction in the State of Illinois;

2. Whether the publication of Plaintiff's private photographs on the Website is defamatory *per se*.

3. Whether the Defendants disclosed Plaintiff's private, intimate facts by publishing private photographs of the Plaintiff on the Website;

4. Whether the Defendants cast the Plaintiff in a false light;

5. Whether the Defendants intentionally inflicted emotional distress upon the Plaintiff;

6. Whether the Defendants have violated the Plaintiff's right of publicity under 765 ILCS 1065/1; and,

7. Whether the Plaintiff can prove that Amy Chanson and Roy Chanson had connection with the Website.

  e. **Describe the relief sought by the Plaintiff.**

The Plaintiff seeks actual, compensatory, statutory, and punitive damages. The Plaintiff also seeks attorneys' fees and costs. Finally, the Plaintiff seeks injunctive relief.

**2.** **Pending Motions and Case Plan**

  a. **Identify All Pending Motions**

Defendant Eric Chanson filed a Letter and Motion to Dismiss (Dkt. No. 8) and sent a notice for hearing to the court for November 4, 2013 to hear the Motion to Dismiss (Dkt. No. 8).

Defendants Roy and Amy Chanson filed a Motion to Dismiss (Dkt. No. 10) and sent a notice for hearing to the court for November 4, 2013 to hear the Motion to Dismiss (Dkt. No. 10). Additionally, Defendants Roy and Amy Chanson filed a Motion for Sanctions (Dkt. No. 18) and sent a notice for hearing to the court for November 4, 2013 to hear the Motion for Sanctions (Dkt. No. 19).

  b. **Proposal for Discovery Plan**

    i. **General Type of Discovery Needed**

The Parties propose the following general types of discovery on all issues: (i) interrogatories, including supplemental interrogatories; (ii) requests for admission; (iii) requests for the production of documents, including electronically stored documents; and, (iv) depositions.

    ii. **Rule 26(a)(1) disclosures.**

The Parties propose that the final date by which to issue Rule 26(a)(1) disclosures be December 1, 2013.

        **iii.**    **A date to issue written discovery.**

The Parties propose that the final date to issue written discovery be April 30, 2014.

        **iv.**    **A fact discovery completion date.**

The Parties propose that fact discovery be completed by June 30, 2014.

        **v.**    **If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports.**

The Parties have not yet determined whether experts will be needed.

        **vi.**    **A date for the filing of dispositive motions.**

The Parties propose that the final date to file dispositive motions be August 31, 2014.

**c.**    **Request for Jury Trial and Length of Trial.**

The Plaintiff requests a jury trial and would estimate a trial to be 1-2 days.

**3.**    **Consent to Proceed Before a Magistrate Judge.**

The Parties could not reach agreement to consent to proceed before a Magistrate Judge.

**4.**    **Status of Settlement Discussions.**

    **a.**    **Indicate whether any settlement discussions have occurred.**

No settlement discussions have occurred.

    **b.**    **Describe the status of any settlement discussions.**

There are no current settlement discussions.

    **c.**    **Whether the parties request a settlement conference.**

The Parties do not request a settlement conference.

Dated this 30th day of October 2013

Signature:

Attorney for Plaintiff:

/s/ Stephanie M. Solera
Stephanie M. Solera
Mudd Law Offices
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773-588-5410
773-588-5440 (Fax)

*Pro Se* Litigant Amy L. Chanson:

Amy L. Chanson
21 Coneflower Lane
Princeton Junction, New Jersey 08550

*Pro Se* Litigant Roy E. Chanson:

Roy E. Chanson
21 Coneflower Lane
Princeton Junction, New Jersey 08550